UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

V. KEELER & ASSOCIATES, INC.                          CIVIL ACTION

VERSUS                                                NO: 16-4121

ARC ABATEMENT I, LTD, ALLIED                          SECTION "F"
WORLD SPECIALTY INSURANCE
COMPANY, JOSEPH KENNEDY,
JONATHAN DAYTON, AND VICTOR PAZ

                          ORDER AND REASONS

    Before the Court are three motions: 1) the plaintiff, V. Keeler & Associates', motion to remand; 2) the defendant, Allied World Specialty Insurance Company's, motion to dismiss; and 3) the defendants, ARC Abatement I, Joseph Kennedy, Jonathan Dayton, and Victor Paz's, motion to dismiss or alternative motion for a more definite statement. For the following reasons, the plaintiff's motion to remand is granted, and the defendants' remaining motions are denied as moot.

                              **Background**

    This construction litigation arises from a Louisiana state court petition inartfully drafted by V. Keeler & Associates and improperly removed by ARC Abatement I, LTD.

    The St. John the Baptist School Board hired ARC as a contractor to perform construction work on the Lake Pontchartrain Elementary School. Part of the project required demolition and removal of the existing, damaged buildings. ARC hired Keeler as a

                                  1

subcontractor to perform the demolition and removal work. Before accepting the job, Keeler provided ARC with a proposal based on the existing conditions of the site. Keeler contends that a "customary and essential" condition of the proposal was that "materials such as brick, concrete, stone, metals (i.e., steel, aluminum, and copper roofing, wiring, and piping) would become the property" of Keeler upon demolition. It is this "customary and essential" condition that forms the basis of this lawsuit.

When Keeler showed up to the worksite to begin demolition, all of the "valuable" copper roofing, piping, and wiring was gone. Keeler notified ARC of the missing valuables, but proceeded with the project anyway. Keeler submitted a "Change Order" request seeking new terms to the subcontract to reflect its inaccurate belief that it would acquire ownership of the copper materials. Apparently, Keeler untimely completed a portion of the work for which it was never paid.

Keeler filed the underlying complaint first in Louisiana state court. Keeler sued ARC and its insurer for breach of contract, and it also sued three ARC employees as alleged conspirators to the copper heist. ARC is a Texas citizen; its insurer, Allied World Specialty Insurance Company, is a Delaware citizen; and the three ARC employees, Jonathan Dayton, Joseph Kennedy, and Victor Paz, are Louisiana citizens. Keeler is also a

Louisiana citizen. Despite the non-diverse parties, ARC removed the case to this Court on a theory of fraudulent joinder.

I.

"The fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity." Smallwood v. Illinois Central R. Co., 352 F.3d 220, 222 (5th Cir. 2003). "[T]he burden of demonstrating a fraudulent joinder is a heavy one." Id. (quotations omitted). "To establish fraudulent joinder, the party seeking removal to the federal forum must either show (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Id. at 222-223 (internal quotations omitted).

The Fifth Circuit applies the "common defense rule" to fraudulent joinder claims. According to the rule, if "a defendant's showing that there is no possibility of recovery against the local defendant equally discharges the non-resident defendant, there is no fraudulent joinder, only a lawsuit lacking in merit." Id. at 223. "In such circumstances, the allegation of fraudulent joinder is more properly an attack on the plaintiff's case as such—an allegation that the 'plaintiff's case [is] ill founded as to all the defendants.'" Id. (quoting Chesapeake & O.R. Co. v. Cockrell, 232 U.S. 146, 153 (1914)). "Such a showing cannot support an

3

inference that the joinder of the local defendants was fraudulent." Id.

## II.

Although unclear from the complaint, Keeler explains in its opposition papers that it intended to assert a claim of conversion against the non-diverse ARC employees. Keeler contends "that it had the rights to the Copper, that Dayton, Kennedy, and/or Paz had access to the Cooper [sic], that they either personally took the Copper or were otherwise personally involved in its taking, and that Keeler suffered damages as a result." Keeler maintains that it has alleged sufficient facts in the complaint to make out a claim for conversion against the individual ARC employees.

The defendants cry fraudulent joinder. They attack the merits of the conversion claim in attempt to show Keeler's inability to establish the cause of action in state court. They point out that the claim fundamentally fails because Keeler had no ownership or possessory rights in the copper. The defendants correctly point out that the ARC employees could not have committed conversion if Keeler did not own or possess the supposedly converted property. The defendants' claim, however, falls victim to the common defense rule.

At the very heart of this litigation as to *all* of the defendants is whether the parties agreed that Keeler would become the owner of the demolished copper. If no such agreement exists,

4

then the ARC employees could not have converted the copper, and ARC could not have breached a contract to relinquish the copper. Accordingly, the Court cannot resolve whether Keeler had ownership rights to the copper without resolving the dispute as to all of the defendants.

When a defendant's showing that recovery is impossible as to the local defendants equally discharges the claims against the non-local defendants, there is no fraudulent joinder. Smallwood, 352 F.3d at 223. Here, the defendants' allegation is that the plaintiff's case is ill-founded as to all defendants, a non-diverse dispute properly resolved in state court. See id. Accordingly, the motion to remand is GRANTED.

IT IS ORDERED that the case is remanded.

IT IS FURTHER ORDERED that Allied World Specialty Insurance Company's motion to dismiss, and the remaining defendants' motion to dismiss or alternative motion for a more definite statement are DENIED as moot.

New Orleans, Louisiana, June 28, 2016

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

5